McBRIDE, Judge.
Mrs. Margaret McNeill sues defendant to recover $1,000 commissions allegedly due her under a verbal contract of employment entered into with him. Plaintiff recovered judgment for $298.20 and defendant is appealing therefrom.
Defendant, as the title of the case indicates, operates what is known as an employment agency in New Orleans, and we gather that the nature of such business is that he contracts with persons who apply to his agency for employment for place *520 ment in positions of salesmen, clerks, office workers, etc. Defendant derives his income by charging the worker a fee or percentage of wages earned or to be earned as remuneration for his placement or assignment.
Mrs. McNeill was hired as placement manager in defendant’s agency in October 1954, and remained in such employment until January 25, 1956. Her duties were to interview applicants desiring work who called at the agency and attempt to place them in jobs with employers who had enlisted the aid of defendant’s agency in securing help. The terms of Mrs. McNeill’s contract with defendant provided she was to receive a commission equal to 25 percent of the first $1,000 paid in any month by persons placed in positions and 30 percent on all above that sum; however, Mrs. Mc-Neill was to receive a minimum of $250 per month. She termed this “her guaranteed salary.” It was the understanding that the commissions would be calculated only on amounts actually collected each month.
The record does not show what commissions accrued to plaintiff month by month during her employment, and we have no way of knowing whether commissions exceeded the guaranteed salary of $250.
Reduced to its simplest terms, the plaintiff’s position is that she is entitled to her commission on all amounts collected from persons she placed in positions even though they paid the agency after she severed connections with defendant.
Per contra, the defendant contends that when Mrs. McNeill left her position on January 25, 1956, she thereby forfeited her rights to any further commissions.
We believe that the nature of the contract of employment demonstrates plainly that Mrs. McNeill is not entitled to commissions on any payments received subsequent to her leaving defendant’s employ. This is an entirely different case from one wherein a salesman employed by a real estate broker is claiming a commission on a transaction made with a customer procured by him when he was the procuring cause of the transaction which he was authorized to negotiate. We deduce from the evidence that Mrs. McNeill neither procured the job openings nor the applicants who filled them, her position being that of manager of placements in defendant’s agency. It does not appear she individually solicited or brought any business into defendant’s establishment. Her salary was to be based on the amount of the gross revenue actually collected each month and derived from persons whose placements she handled, and her duties in assigning such persons to jobs merely entailed routine office work. She admitted she had no agreement with defendant to the effect that she would be entitled to a percentage of collections after the termination of her contract with him, and we do not believe that the salary arrangement contemplated that she would be given a vested interest in uncollected fees due the agency. To permit her to recover a percentage of the income accruing after her contract with defendant terminated would be equivalent to allowing her salary to continue although she was no longer in defendant’s employ.
By way of reconventional demand, which was dismissed, defendant claims of plaintiff the sum of $22.72, alleging that he paid her in advance the sum of $250 as salary for the full .month of January 1956 and whereas she voluntarily quit on the twenty-fifth day of that month, she has been overpaid to the extent of the amount claimed.
The reconvenor did not prove such overpayment for the simple reason there is no evidence showing that Mrs. McNeill’s earned commissions during that part of January she worked for defendant were not in excess of the amount paid her, and in the absence of such proof by reconvenor, who had the burden of making out his demand to the same extent as a plaintiff, we cannot hold that Mrs. McNeill was the beneficiary of any overpayment.
*521 For the reasons assigned, that portion of the judgment which runs in favor of the plaintiff on her main demand be and it is hereby annulled and reversed, and it is now ordered adjudged and decreed that the judgment be amended so as to dismiss plaintiff’s demands; said judgment is further amended so as to decree that each party shall be cast for his respective costs in the lower court, and as thus amended and in all other respects the judgment is affirmed. Plaintiff-appellee is to pay the costs of appeal.
Reversed in part; amended and affirmed in part.
JANVIER, J., absent